# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

IN RE:  DANIEL M. SALAZAR                                    No.  1:18-mc-00031-WJ

## ORDER TO SHOW CAUSE

"The District of New Mexico has 'inherent supervisory power' over the conduct of attorneys appearing in its courtrooms and this power includes the ability 'to control admission to its bar and to discipline attorneys who appear before it.'"  *In re Bello*, 237 Fed.Appx. 363, 366 (10th Cir. 2007) (quoting *United States v. Ryans*, 903 F.2d 731, 734 n.4 (10th Cir. 1990) and *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (internal citations omitted)).

Mr. Salazar is involved with four cases currently pending in this Court.  Mr. Salazar's conduct during those proceedings gives the Court concern about his respect for the judicial process and his compliance with the Rules of Professional Conduct and the Creed of Professionalism of the New Mexico Bench and Bar.

### *United States v. Talamante,* 16cr2702 JAP

Mr. Salazar, who is defense counsel in this case, filed untimely motions to continue the trial in this case on April 26, 2017, September 18, 2017, November 14, 2017, and January 22, 2018.  *See* Doc's 55, 62, 66 and 68.  Mr. Salazar did not respond to the Court's emails instructing Counsel to respond "as soon as possible" regarding whether the case is going to trial.  *See* Emails from Juan Gonzales, Courtroom Deputy to Senior United States District Judge James A. Parker, to Counsel (April 19, 2017, August 18, 2017, September 14, 2018, January 16, 2018, March 13, 2018).  Mr. Talamante pled guilty to charges of distribution of heroin and methamphetamine resulting in a guideline imprisonment range of 108 months to 135 months.  *See* Plea Agreement,

Doc. 87, filed March 28, 2018; Presentence Investigation Report ¶ 93 at 22, Doc. 91, filed June 1, 2018.   Without proper excuse Mr. Salazar failed to attend the sentencing hearing scheduled for June 28, 2018.   *See* Order, Doc. 111, filed August 6, 2018 (noting "Mr. Salazar has missed deadlines without adequate excuse" and "Mr. Salazar's repeated dilatory conduct and nonchalant attitude toward the Court").   Mr. Salazar subsequently filed two untimely motions to file objections to the Pre-Sentence Report.   *See* Order, Doc. 111, filed August 6, 2018 (noting that Mr. Salazar stated "various nonsensical grounds" for the first motion).

*United States v. Wollweber*, **16cr4008 JCH**

Mr. Salazar entered this case as retained counsel on July 31, 2017, to represent Mr. Wolleber, who was indicted for abusive sexual conduct in Indian Country. *See* Order, Doc. 20; Redacted Indictment, Doc. 2, filed October 12, 2016. Mr. Salazar has moved five times to continue trial settings, and three of those motions were untimely. *See* Def.'s Motions to Continue, Docs. 31, 37, 39. Mr. Salazar has missed two Calls of the Calendar held on October 27, 2017 and June 28, 2018. Following Mr. Salazar's first non-appearance the Court by written letter asked him to explain why he failed to appear and why he filed a late motion to continue trial setting. *See Ex Parte* Letter from the Hon. Judith C. Herrera, United States District Judge, to Daniel M. Salazar, Attorney, Law Offices of Daniel M. Salazar (Oct. 20, 2017), Doc. 34. The Court asked Mr. Salazar to respond within one-week. He never did. The Court therefore received Mr. Salazar in chambers and stressed to him the importance of attending his scheduled appearances.

Later, Mr. Salazar failed to attend the June 28, 2018 Call of the Calendar, prompting the Court to issue an Order to Show Cause against Mr. Salazar for why he should not be sanctioned. *See* Order to Show Cause, Doc. 51. At the show cause hearing the Court fined Mr. Salazar $600 and ordered him to pay that fine by August 10, 2018. *See* Order Imposing Monetary Penalty, Doc.

65. He ignored that Order and payed the fine one-week late. *See* Def.'s Not. of Compliance, Doc. 111.

In mid-July 2018, Mr. Salazar promised the Court he would inform it of dates he was available for a motion hearing. *See* Clerk's Minutes, Doc. 91. He never did so. To date, Mr. Salazar has filed no pre-trial evidentiary motions or jury instructions on behalf of his client. His proposed voir dire and response briefs to the Government's pre-trial motions were all untimely filed. Court staff scanned and electronically filed his late papers for him.

### *United States v. Joseph Salazar*, No. 18cr1106 MV

On May 15, 2018, Defendant, who was indicted on a charge of bank robbery, notified the Court that he "intends to hire private counsel," "has identified Daniel Salazar to represent him," and "would like to make a decision in this case upon his meeting and representation by Daniel Salazar." Doc. 19; *see* Redacted Indictment, Doc. 14, filed April 10, 2018. "On the date of his arraignment, April 23, 2018, [Defendant] expressed his intention to hire attorney Daniel Salazar (no relation to [Defendant] Joseph Salazar. Daniel Salazar appeared in court and confirmed that he would be entering his appearance." Motion to Withdraw, Doc. 29, filed October 19, 2018. Defendant is in custody and on September 21, 2018, stated the following to the Court: (i) he paid a $20,000.00 retainer to Mr. Salazar in March 2018; (ii) he has signed an agreement with Mr. Salazar; (iii) he has spoken with Mr. Salazar's staff but has not spoken to Mr. Salazar; and (iv) Mr. Salazar has not contacted him or his family. *See* Doc. 28. Mr. Salazar has not entered an appearance in this case and the trial set for June 11, 2018, was reset to September 24, 2018, because Defendant indicated he intended to retain to counsel; the September 24, 2018, trial date was eventually vacated because Mr. Salazar had not entered an appearance. *See* Doc's 18, 20 and 27.

### Tovar-Mendoza v. Martinez, No. 18cv982 KG/LF

3

Mr. Tovar-Mendoza filed an Entry of Appearance which the Court construes as a Petition for a Writ of Habeas Corpus. *See* Doc. 1, filed October 18, 2018 ("Petition"). In his Petition he asks the Court to allow him "to show cause as to why this court should not dismiss his Federal habeas corpus petition as untimely." Petition at 1. Petitioner states "[on] April 17, 2018, [Petitioner] entered into a contract with the Law Office of Daniel M. Salazar in order to file a federal habeas corpus petition on behalf of petitioner," and that "[o]n May 7, 2018, a letter was sent out to petitioner's counsel stating that he only had four (4) months left until September 2018 to file his federal habeas petition or he would be time barred from having his petition heard." Petition at 1, 6-8 (copy of Attorney Fee Agreement between Petitioner and the Law Office of Daniel M. Salazar), 9-10 (copy of May 7, 2018 letter to Mr. Salazar noting the September 2018 deadline). Petitioner also states that he made six phone calls to Mr. Salazar to inquire about the status of his habeas corpus petition and to inform Mr. Salazar of the deadline to file, that Mr. Salazar did not answer the phone calls, and that he left messages regarding the status and deadline for the petition. Petition at 3, 11-16 (copies of Petitioner's Attorney Telephone Call Requests, some indicating "no answer" and "left message"). Petitioner also states that Mr. Salazar "accepted [Petitioner's] mother's money and chose to abandon his client, without fulfilling his obligation as agreed upon by contract and letters." Petition at 3 (the Attorney Fee Agreement indicates the initial fee of $5,000.00 was due on April 20, 2018, with monthly payments of $700.00 to follow).

**Order to Show Cause**

Mr. Salazar's conduct in the three proceedings described above indicates to the Court that Mr. Salazar lacks respect for the judicial process, has not complied with Court orders and instructions, and has not complied with various provisions of the Rules of Professional Conduct[1] and the Creed of Professionalism of the New Mexico Bench and Bar.[2]

The Court notes that the Disciplinary Board of the New Mexico Supreme Court formally reprimanded Mr. Salazar on May 19, 2017, for misconduct similar to Mr. Salazar's conduct in the cases described above.   *See* Formal Reprimand, In the Matter of Daniel M. Salazar, Esq., Disciplinary No. 01-2016-733, 56 New Mexico Bar Bulletin No. 23 at 15 (June 7, 2017) (stating that Mr. Salazar's "conduct violated the following Rules of Professional Conduct: Rule 16-101, by failing to provide competent representation to your client; Rule 16-103, by failing to represent

---

[1] Preamble: "a lawyer zealously asserts the client's position under the rules of the adversary system," "a lawyer should be competent, prompt and diligent," "[a] lawyer should maintain communication with a client concerning the representation," "[a] lawyer should demonstrate respect for the legal system and for those who serve it, including judges."

N.M.R.A. 16-101: "Competent representation requires the . . . preparation reasonably necessary for the representation."

N.M.R.A. 16-103: "A lawyer shall act with reasonable diligence and promptness in representing a client."

N.M.R.A. 16-104.A: "A lawyer shall . . . keep the client reasonably informed about the status of the matter [and] promptly comply with reasonable request for information."

N.M.R.A. 16-302: "A lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client."

N.M.R.A. 16-304.C: "A lawyer shall not . . . knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists."

N.M.R.A. 16-804(D): "It is professional misconduct for a lawyer to . . . engage in conduct that is prejudicial to the administration of justice."

[2] Lawyer section:

"I will strive to make our system of justice work fairly and efficiently."

"I will be loyal and committed to my client's cause."

"I will keep my client informed about the progress of the work for which I have been engaged or retained."

"I will be a vigorous and zealous advocate on behalf of my client."

"I will be punctual for court hearings, conferences and depositions."

"I will be respectful toward and candid with the court."

your client diligently; Rule 16-104, by failing to communicate with your client; Rule 16-116(A), by failing to withdraw from representing a client in an orderly fashion; Rule 16-302, by failing to expedite litigation; and Rule 16-804(D), by engaging in conduct that was prejudicial to the administration of justice").

Daniel M. Salazar shall, within 21 days of entry of this Order, show cause in writing why the Court should not suspend or disbar him.  Failure to timely respond in writing to this show cause order **SHALL** result in suspension or disbarment from the practice of law in federal court.  Mr. Salazar's response to this Order shall address the Court's concerns regarding his conduct in the above described cases.  Mr. Salazar's response shall also address why any sanction less extreme than disbarment or suspension from the Federal Bar would reasonably punish and deter Mr. Salazar from continuing the apparent misconduct described above given that such conduct occurred within a year and a half of his formal reprimand for similar conduct in state court.

Finally, in the event Mr. Salazar timely responds in writing to this Order to Show Cause, then a three judge panel of this Court shall be empaneled for further proceedings.

**IT IS SO ORDERED.**

_____
**WILLIAM P. JOHNSON**
**CHIEF UNITED STATES DISTRICT JUDGE**